UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CLAYTON WILSON | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Civil Action: 07-053S |
| | : | |
| THE UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF THE NAVY, TRITON MARINE CONSTRUCTION CORP., alias, and THE HASKELL COMPANY, alias | : | |
| | : | |
| Defendants. | : | |

**AMENDED COMPLAINT**

Pursuant to Rule 15(a) Plaintiff hereby amends the Complaint for the first time as a matter of course, no responsive pleadings having yet been served.

**Parties and Jurisdiction**

1. Plaintiff, Clayton Wilson, ("Plaintiff", "Mr. Wilson") is an individual residing in City of Woonsocket, State of Rhode Island.
2. Defendant, the United States of America ("United States"), is subject to suit under the Federal Tort Claims Act.
3. Defendant, the United States Department of the Navy ("Navy"), is a department within the United States government, and is subject to suit under the Federal Tort Claims Act.
4. Defendant, Triton Marine Construction Corp. ("Triton"), alias, is a business incorporated under the laws of the State of Virginia, with a principal place of business at 2181 Chico Way NW, Bremerton, Washington which, having sufficient minimum contacts with the State of Rhode Island, is subject to jurisdiction in this matter.
5. Defendant, The Haskell Company ("Haskell"), alias, is a business incorporated under the laws the State of Florida, with a principal place of business at 111 Riverside Avenue, Jacksonville, Florida, which, having sufficient minimum contacts with the State of Rhode Island, is subject

to jurisdiction in this matter.

6. On or about February 2, 2006, Plaintiff made a Claim for Damage, Injury or Death in the amount of $300,000.00 to the Office of the Judge Advocate General, Tort Claims Unit Norfolk, Virginia.

7. More than six (6) months have passed and the plaintiff's claim has not been paid or granted.

8. This Court has exclusive subject matter jurisdiction over the current matter relative to the United States and the Navy pursuant to 28 U.S.C. § 1346.

9. This Court has subject matter jurisdiction over the current matter relative to Triton and Haskell pursuant to 28 U.S.C. § 1332.

10. Venue is appropriate pursuant to 28 U.S.C. § 1391.

**General Allegations**

11. Upon information and belief, defendants, the United States and the Navy, at all times relevant hereto were, one or both of them, owners of premises located at or near the Submarine Simulator Building ("SSB"), Building P-416, Newport Naval Station, Newport, Rhode Island.

12. Upon information and belief, defendants, the United States and the Navy (the Navy being a Department of Defense agency or component), entered into a negotiated contract, Contract No. N62472-00-D-0800 (the "Contract"), with defendant, Triton, to *inter alia* construct and renovate structures, including work relative to the SSB, located on the United States' Naval Base at Newport, Rhode Island (the "Project").

13. Upon information and belief, Triton subcontracted the design and construction of the Project to Haskell.

14. Triton had a duty of due care for the safety of all workers on the Project, including Plaintiff.

15. Triton was the general contractor and, as such, had a non-delegable duty to provide a safe

work environment for all workers on the Project, including Plaintiff.

16. Haskell had a duty of due care for the safety of all workers on the Project, including Plaintiff.

17. Haskell, also performing in the capacity as a general contractor, had a non-delegable duty to provide a safe work environment for all workers on the Project, including Plaintiff.

18. Further, pursuant to the Contract, Triton agreed to and had an obligation and/or duty to comply with all pertinent provisions of the U.S. Army Corps of Engineers Safety and Health Requirements Manual, EM 385-1-1.

19. Pursuant to EM 385-1-1, Section 21.A.13, Triton was required to inspect access ways daily and maintain the same in a safe manner including, specifically, keeping the access ways free of ice and snow.

20. The workers on the Project, including Plaintiff, were intended beneficiaries of the safety requirements incorporated into the Contract.

21. Upon information and belief, the premises which were the subject of the Contract and the location of the Project, and specifically the SSB (Building P-416) and the grounds surrounding that structure, were owned by the defendants the United States and the Navy.

22. As owners of the subject premises, the United States and the Navy had a duty to maintain the premises in reasonably safe condition for the benefit of all persons reasonably expected to be on the premises, including Plaintiff.

23. As owners on the Project, defendants, the United States and the Navy, each of them, had a duty to oversee safety and maintain a safe work site during the Project.

24. Upon information and belief, Triton and/or Haskell hired MacKenzie Service Corp. ("MacKenzie"), as a painting sub-contractor on the Project. In any event, MacKenzie was a painting sub-contractor on the Project.

25. Plaintiff was an employee of MacKenzie, and was assigned to the Project as a painter.

26. On or about February 18, 2004, at the end of the work day, Plaintiff was exiting the SSB

structure, where he had been working, and which was a subject of the Contract and part of the Project. He attempted to make his way away from the SSB, and leave the premises to return home.

27. The grounds outside the exit to the SSB were in poor condition, with rough grade, snow and ice. There was no pathway cleared, or erected for the workers. There was not a cleared and safe access way to and from the work area.

28. While attempting to leave the Project, and while walking approximately ten to fifteen feet outside the exit of the SSB, Plaintiff fell due to an accumulation of snow and ice.

29. As a result of falling, the Plaintiff suffered severe and permanent injuries.

**COUNT I**

(Triton - Negligence)

30. Plaintiff hereby repeats and realleges the above allegations as if fully set forth herein.

31. Based on the above, the defendant, Triton, breached its duty to oversee safety, provide a safe work environment, and maintain a safe work site during the Project, as well as other legal duties owing to the Plaintiff

32. As a direct and proximate result of Triton's aforementioned breach or breaches, Plaintiff sustained severe and permanent injuries.

**COUNT II**

(Triton – Breach of Contract)

33. Plaintiff hereby repeats and realleges the above allegations as if fully set forth herein.

34. Based upon the above, the defendant, Triton breached its agreement with the United States and the Navy, a beneficiary of which was the Plaintiff.

35. As a direct and proximate result of said breach, Plaintiff suffered severe and permanent injuries.

**COUNT III**

(Haskell - Negligence)

36. Plaintiff hereby repeats and realleges the above allegations as if fully set forth herein.

37. Based on the above, the defendant, Haskell, breached its duty to oversee safety, provide a safe work environment, and maintain a safe work site during the Project, as well as other legal duties owing to the Plaintiff

38. As a direct and proximate result of Haskell's aforementioned breach or breaches, Plaintiff sustained severe and permanent injuries.

**COUNT IV**

(United States and Navy - FTCA)

39. Plaintiff hereby repeats and realleges the above allegations as if fully set forth herein.

40. The defendants, United States and Navy, breached their respective duties to oversee safety and maintain a safe work site during the Project.

41. The defendants, the United States and the Navy, breached their respective duties to maintain the premises in reasonably safe condition, as well as other legal duties owing to the plaintiff.

42. As a direct and proximate result of the United State's and the Navy's breaches, Plaintiff sustained severe and permanent injuries.

WHEREFORE, the Plaintiff demands judgment against Defendants, The United States of America, the United States Department of the Navy, Triton Marine Construction Corp., Alias, and The Haskell Company, Alias, for all compensatory damages, including but not limited to for pain and suffering, past and future lost wages and benefits, interest, costs, expenses and such other relief as this Court deems just and appropriate, in an amount sufficient to confer jurisdiction. Further, the plaintiffs demand judgment for all appropriate damages, including but not limited to exemplary and/or punitive damages if appropriate, appropriate interest, and attorneys fees and expenses.

J. SCOTT KILPATRICK, ESQ. is hereby designated trial counsel.

The Plaintiff hereby demands a TRIAL BY JURY to extent appropriate, and RESERVES the right to propound further and additional Counts.

Plaintiff,
By His Attorneys,
CHISHOLM CHISHOLM & KILPATRICK, LLP

By /s/ J. Scott Kilpatrick
J. SCOTT KILPATRICK RI Bar #4036
One Turks Head Place
Suite 1313
Providence, Rhode Island 02903
(401) 331-6300 Telephone
(401) 421-3185 Facsimile
Jskilpatrick@cck-law.com

Dated: February 15, 2007