# EXHIBIT A

CHISHOLM CHISHOLM & KILPATRICK LLP
ATTORNEYS AT LAW

ROBERT V. CHISHOLM*
J. SCOTT KILPATRICK
ARAM P. JARRET III**

VINCENT J. CHISHOLM
OF COUNSEL

February 7, 2007

Honorable Alberto R. Gonzales
United States Attorney General
US Department of Justice
Main Building
950 Pennsylvania Avenue NW
Rm 2252
Washington, DC 20530

RE: Clayton Wilson
VS: The United States of America, et al

Dear Attorney General Gonzales:

Enclosed please find copies of a Summons and Complaint in an action which has been brought against The United States of America as a defendant in the United States District Court, District of Rhode Island. The United States Attorney's Office in Providence, Rhode Island has been served with a copy of these documents.

Service is made upon you in accordance with Rule 4(i) of the Federal Rules of Civil Procedure. Answer to this complaint should be filed in the United States District Court, District of Rhode Island and a copy served on the undersigned within twenty (20) days after receipt of this notice.

Very truly yours,

J. Scott Kilpatrick

JSK/cal
Enclosure
**Certified Mail Return Receipt Requested 7006 0100 0001 2925 7653**

ONE TURKS HEAD PLACE SUITE 1313 PROVIDENCE RHODE ISLAND 02903
RCHISHOLM@CCK-LAW.COM JSKILPATRICK@CCK-LAW.COM JJARRET@CCK-LAW.COM
TELE. 401.331.6300 1.800.544.9144 FAX. 401.421.3185
WWW.CCK-LAW.COM

*ALSO ADMITTED IN MASSACHUSETTS AND NEW YORK **ALSO ADMITTED IN MASSACHUSETTS

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of Rhode Island

CLAYTON WILSON

V.

THE UNITED STATES OF AMERICA

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

CA 07 053S

TO: (Name and address of Defendant)

United States of America
c/o US Attorney
50 Kennedy Plaza
Providence, RI

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

J. Scott Kilpatrick, Esq.
Chisholm Chisholm & Kilpatrick LLP
One Turks Head Place - Suite 1313
Providence, RI 02903

an answer to the complaint which is herewith served upon you, within Twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE 2/7/07

(By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me(1) | DATE |
|---|---|
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant. Place where served: ______________________

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: ______________________

☐ Returned unexecuted: ______________________

☐ Other (specify): ______________________

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ______________________
Date

______________________
Signature of Server

______________________
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CLAYTON WILSON<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF THE NAVY and TRITON MARINE CONSTRUCTION CORP., alias<br><br>Defendants. | : | Civil Action: 07-053S |

**COMPLAINT**

**Parties and Jurisdiction**

1. Plaintiff, Clayton Wilson, ("Plaintiff", "Mr. Wilson") is an individual residing in City of Woonsocket, State of Rhode Island.

2. Defendant, the United States of America ("United States"), is subject to suit under the Federal Tort Claims Act.

3. Defendant, the United States Department of the Navy ("Navy"), is a department within the United States government, and is subject to suit under the Federal Tort Claims Act.

4. Defendant, Triton Marine Construction Corp., alias, is a corporation licensed in and doing business in the State of Rhode Island and, having sufficient minimum contacts with the State of Rhode Island, is subject to jurisdiction in this matter.

5. On or about February 2, 2006, Plaintiff made a Claim for Damage, Injury or Death in the amount of $300,000.00 to the Office of the Judge Advocate General, Tort Claims Unit Norfolk, Virginia.

6. More than six (6) months have passed and the plaintiff's claim has not been paid or granted.

7. This Court has exclusive subject matter jurisdiction over the current matter relative to the United States and the Navy pursuant to 28 U.S.C. § 1346.

8. This Court has subject matter jurisdiction over the current matter relative to Triton pursuant to 28 U.S.C. § 1332.

9. Venue is appropriate pursuant to 28 U.S.C. § 1391.

**General Allegations**

10. Upon information and belief, defendants, the United States and the Navy, at all times relevant hereto were, one or both of them, owners of premises located at or near the Submarine Simulator Building (SSB"), Building P-416, Newport Naval Station, Newport, Rhode Island.

11. Upon information and belief, defendants, the United States and the Navy (the Navy being a Department of Defense agency or component), entered into a negotiated contract, Contract No. N62472-00-D-0800 (the "Contract"), with defendant, Triton, to *inter alia* construct and renovate structures, including work relative to the SSB, located on the United States' Naval Base at Newport, Rhode Island (the "Project").

12. Triton had a duty of due care for the safety of all workers on the Project, including Plaintiff.

13. Triton was the general contractor and, as such, had a non-delegable duty to provide a safe work environment for all workers on the Project, including Plaintiff.

14. Further, pursuant to the Contract, Triton agreed to and had an obligation and/or duty to comply with all pertinent provisions of the U.S. Army Corps of Engineers Safety and Health Requirements Manual, EM 385-1-1.

15. Pursuant to EM 385-1-1, Section 21.A.13, Triton was required to inspect access ways daily and maintain the same in a safe manner including, specifically, keeping the access ways free of ice and snow.

16. The workers on the Project, including Plaintiff, were intended beneficiaries of the safety requirements incorporated into the Contract.

17. Upon information and belief, the premises which were the subject of the Contract and the location of the Project, and specifically the SSB (Building P-416) and the grounds surrounding that structure, were owned by the defendants the United States and the Navy.

18. As owners of the subject premises, the United States and the Navy had a duty to maintain the premises in reasonably safe condition for the benefit of all persons reasonably expected to be on the premises, including Plaintiff.

19. As owners on the Project, defendants, the United States and the Navy, each of them, had a duty to oversee safety and maintain a safe work site during the Project.

20. Triton hired MacKenzie Service Corp. ("MacKenzie"), as a painting sub-contractor on the Project.

21. Plaintiff was an employee of MacKenzie, and was assigned to the Project as a painter.

22. On or about February 18, 2004, at the end of the work day, Plaintiff was exiting the SSB structure, where he had been working, and which was a subject of the Contract and part of the Project. He attempted to make his way away from the SSB, and leave the premises to return home.

23. The grounds outside the exit to the SSB were in poor condition, with rough grade, snow and ice. There was no pathway cleared, or erected for the workers. There was not a cleared and safe access way to the work area.

24. While attempting to leave the Project, and while walking approximately ten to fifteen feet outside the exit of the SSB, Plaintiff fell due to an accumulation of snow and ice.

25. As a result of falling, the Plaintiff suffered severe and permanent injuries.

## COUNT I

(Triton - Negligence)

26. Plaintiff hereby repeats and realleges the above allegations as if fully set forth herein.

27. Based on the above, the defendant, Triton, breached its duty to oversee safety, provide a safe work environment, and maintain a safe work site during the Project, as well as other legal duties owing to the Plaintiff

28. As a direct and proximate result of Triton's aforementioned breach or breaches, Plaintiff sustained severe and permanent injuries.

## COUNT II

(Triton – Breach of Contract)

29. Plaintiff hereby repeats and realleges the above allegations as if fully set forth herein.

30. Based upon the above, the defendant, Triton breached its agreement with the United States and the Navy, a beneficiary of which was the Plaintiff.

31. As a direct and proximate result of said breach, Plaintiff suffered severe and permanent injuries.

## COUNT III

(United States and Navy - FTCA)

32. Plaintiff hereby repeats and realleges the above allegations as if fully set forth herein.

33. The defendants, United States and Navy, breached their respective duties to oversee safety and maintain a safe work site during the Project.

34. The defendants, the United States and the Navy, breached their respective duties to maintain the premises in reasonably safe condition, as well as other legal duties owing to the plaintiff.

35. As a direct and proximate result of the United State's and the Navy's breaches, Plaintiff sustained severe and permanent injuries.

WHEREFORE, the Plaintiff demands judgment against Defendants, The United States of America, the United States Department of the Navy and Triton Marine Construction Corp., Alias, for all compensatory damages, including but not limited to for pain and suffering, past and future lost wages and benefits, interest, costs, expenses and such other relief as this Court deems just and appropriate, in an amount sufficient to confer jurisdiction. Further, the plaintiffs demand judgment for all appropriate damages, including but not limited to exemplary and/or punitive damages if appropriate, appropriate interest, and attorneys fees and expenses.

J. SCOTT KILPATRICK, ESQ. is hereby designated trial counsel.

The Plaintiff hereby demands a TRIAL BY JURY to extent appropriate, and

RESERVES the right to propound further and additional Counts.

Plaintiff,
By His Attorneys,
CHISHOLM CHISHOLM & KILPATRICK, LLP

By____________________________

J. SCOTT KILPATRICK RI Bar #4036
One Turks Head Place
Suite 1313
Providence, Rhode Island 02903
(401) 331-6300 Telephone
(401) 421-3185 Facsimile
Jskilpatrick@cck-law.com

Dated: February 6, 2007

**EXHIBIT B**

CHISHOLM CHISHOLM & KILPATRICK LLP
ATTORNEYS AT LAW

ROBERT V. CHISHOLM*
J. SCOTT KILPATRICK

ARAM P. JARRET III**

VINCENT J. CHISHOLM
OF COUNSEL

February 7, 2007

Honorable Alberto R. Gonzales
United States Attorney General
US Department of Justice
Main Building
950 Pennsylvania Avenue NW
Rm 2252
Washington, DC 20530

RE: Clayton Wilson
VS: The United States of America, et al

Dear Attorney General Gonzales:

Enclosed please find copies of a Summons and Complaint in an action which has been brought against United States Department of the Navy as a defendant in the United States District Court, District of Rhode Island. The United States Attorney's Office in Providence, Rhode Island has been served with a copy of these documents.

Service is made upon you in accordance with Rule 4(i) of the Federal Rules of Civil Procedure. Answer to this complaint should be filed in the United States District Court, District of Rhode Island and a copy served on the undersigned within twenty (20) days after receipt of this notice.

Very truly yours,

J. Scott Kilpatrick

JSK/cal
Enclosure
**Certified Mail Return Receipt Requested 7006 0100 0001 2925 7660**

ONE TURKS HEAD PLACE SUITE 1313 PROVIDENCE RHODE ISLAND 02903
RCHISHOLM@CCK-LAW.COM JSKILPATRICK@CCK-LAW.COM JJARRET@CCK-LAW.COM
TELE. 401.331.6300 1.800.544.9144 FAX. 401.421.3185
WWW.CCK-LAW.COM

*ALSO ADMITTED IN MASSACHUSETTS AND NEW YORK **ALSO ADMITTED IN MASSACHUSETTS

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of Rhode Island

CLAYTON WILSON

V.

THE UNITED STATES OF AMERICA

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

CA 07 0535

TO: (Name and address of Defendant)

UNITED STATES DEPARTMENT OF THE NAVY
c/o US Attorney
50 Kennedy Plaza
Providence, RI

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

J. Scott Kilpatrick, Esq.
Chisholm Chisholm & Kilpatrick LLP
One Turks Head Place - Suite 1313
Providence, RI 02903

an answer to the complaint which is herewith served upon you, within Twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE 2/7/07

(By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant. Place where served: ____________________

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: ____________________

☐ Returned unexecuted: ____________________

☐ Other (specify): ____________________

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ____________________ ____________________
Date Signature of Server

____________________
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CLAYTON WILSON<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF THE NAVY and TRITON MARINE CONSTRUCTION CORP., alias<br><br>Defendants. | : | Civil Action: 07-053S |

# COMPLAINT

## Parties and Jurisdiction

1. Plaintiff, Clayton Wilson, ("Plaintiff", "Mr. Wilson") is an individual residing in City of Woonsocket, State of Rhode Island.
2. Defendant, the United States of America ("United States"), is subject to suit under the Federal Tort Claims Act.
3. Defendant, the United States Department of the Navy ("Navy"), is a department within the United States government, and is subject to suit under the Federal Tort Claims Act.
4. Defendant, Triton Marine Construction Corp., alias, is a corporation licensed in and doing business in the State of Rhode Island and, having sufficient minimum contacts with the State of Rhode Island, is subject to jurisdiction in this matter.
5. On or about February 2, 2006, Plaintiff made a Claim for Damage, Injury or Death in the amount of $300,000.00 to the Office of the Judge Advocate General, Tort Claims Unit Norfolk, Virginia.
6. More than six (6) months have passed and the plaintiff's claim has not been paid or granted.

7. This Court has exclusive subject matter jurisdiction over the current matter relative to the United States and the Navy pursuant to 28 U.S.C. § 1346.

8. This Court has subject matter jurisdiction over the current matter relative to Triton pursuant to 28 U.S.C. § 1332.

9. Venue is appropriate pursuant to 28 U.S.C. § 1391.

**General Allegations**

10. Upon information and belief, defendants, the United States and the Navy, at all times relevant hereto were, one or both of them, owners of premises located at or near the Submarine Simulator Building (SSB"), Building P-416, Newport Naval Station, Newport, Rhode Island.

11. Upon information and belief, defendants, the United States and the Navy (the Navy being a Department of Defense agency or component), entered into a negotiated contract, Contract No. N62472-00-D-0800 (the "Contract"), with defendant, Triton, to *inter alia* construct and renovate structures, including work relative to the SSB, located on the United States' Naval Base at Newport, Rhode Island (the "Project").

12. Triton had a duty of due care for the safety of all workers on the Project, including Plaintiff.

13. Triton was the general contractor and, as such, had a non-delegable duty to provide a safe work environment for all workers on the Project, including Plaintiff.

14. Further, pursuant to the Contract, Triton agreed to and had an obligation and/or duty to comply with all pertinent provisions of the U.S. Army Corps of Engineers Safety and Health Requirements Manual, EM 385-1-1.

15. Pursuant to EM 385-1-1, Section 21.A.13, Triton was required to inspect access ways daily and maintain the same in a safe manner including, specifically, keeping the access ways free of ice and snow.

16. The workers on the Project, including Plaintiff, were intended beneficiaries of the safety requirements incorporated into the Contract.

17. Upon information and belief, the premises which were the subject of the Contract and the location of the Project, and specifically the SSB (Building P-416) and the grounds surrounding that structure, were owned by the defendants the United States and the Navy.

18. As owners of the subject premises, the United States and the Navy had a duty to maintain the premises in reasonably safe condition for the benefit of all persons reasonably expected to be on the premises, including Plaintiff.

19. As owners on the Project, defendants, the United States and the Navy, each of them, had a duty to oversee safety and maintain a safe work site during the Project.

20. Triton hired MacKenzie Service Corp. ("MacKenzie"), as a painting sub-contractor on the Project.

21. Plaintiff was an employee of MacKenzie, and was assigned to the Project as a painter.

22. On or about February 18, 2004, at the end of the work day, Plaintiff was exiting the SSB structure, where he had been working, and which was a subject of the Contract and part of the Project. He attempted to make his way away from the SSB, and leave the premises to return home.

23. The grounds outside the exit to the SSB were in poor condition, with rough grade, snow and ice. There was no pathway cleared, or erected for the workers. There was not a cleared and safe access way to the work area.

24. While attempting to leave the Project, and while walking approximately ten to fifteen feet outside the exit of the SSB, Plaintiff fell due to an accumulation of snow and ice.

25. As a result of falling, the Plaintiff suffered severe and permanent injuries.

**COUNT I**

(Triton - Negligence)

26. Plaintiff hereby repeats and realleges the above allegations as if fully set forth herein.

27. Based on the above, the defendant, Triton, breached its duty to oversee safety, provide a safe work environment, and maintain a safe work site during the Project, as well as other legal duties owing to the Plaintiff

28. As a direct and proximate result of Triton's aforementioned breach or breaches, Plaintiff sustained severe and permanent injuries.

**COUNT II**

(Triton – Breach of Contract)

29. Plaintiff hereby repeats and realleges the above allegations as if fully set forth herein.

30. Based upon the above, the defendant, Triton breached its agreement with the United States and the Navy, a beneficiary of which was the Plaintiff.

31. As a direct and proximate result of said breach, Plaintiff suffered severe and permanent injuries.

**COUNT III**

(United States and Navy - FTCA)

32. Plaintiff hereby repeats and realleges the above allegations as if fully set forth herein.

33. The defendants, United States and Navy, breached their respective duties to oversee safety and maintain a safe work site during the Project.

34. The defendants, the United States and the Navy, breached their respective duties to maintain the premises in reasonably safe condition, as well as other legal duties owing to the plaintiff.

35. As a direct and proximate result of the United State's and the Navy's breaches, Plaintiff sustained severe and permanent injuries.

WHEREFORE, the Plaintiff demands judgment against Defendants, The United States of America, the United States Department of the Navy and Triton Marine Construction Corp., Alias, for all compensatory damages, including but not limited to for pain and suffering, past and future lost wages and benefits, interest, costs, expenses and such other relief as this Court deems just and appropriate, in an amount sufficient to confer jurisdiction. Further, the plaintiffs demand judgment for all appropriate damages, including but not limited to exemplary and/or punitive damages if appropriate, appropriate interest, and attorneys fees and expenses.

J. SCOTT KILPATRICK, ESQ. is hereby designated trial counsel.

The Plaintiff hereby demands a TRIAL BY JURY to extent appropriate, and

RESERVES the right to propound further and additional Counts.

Plaintiff,
By His Attorneys,
CHISHOLM CHISHOLM & KILPATRICK, LLP

By____________________

J. SCOTT KILPATRICK RI Bar #4036
One Turks Head Place
Suite 1313
Providence, Rhode Island 02903
(401) 331-6300 Telephone
(401) 421-3185 Facsimile
Jskilpatrick@cck-law.com

Dated: February 6, 2007

**EXHIBIT C**

7006 0100 0001 2925 7653

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ .63 |
| Certified Fee | 2.40 |
| Return Receipt Fee (Endorsement Required) | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.88 |

Postmark Here: PROVIDENCE RI ANNEX STA. 02905 FEB 8 2007

US Dept Justice

Sent To: US Attorney General

Street, Apt. No.; or PO Box No.: 950 Pennsylvania Ave Rm 2251

City, State, ZIP+4: Washington, DC 20530

PS Form 3800, June 2002 See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Honorable Alberto R Gonzales
U.S. Attorney General
U.S. Dept Justice
Main Bldg
950 Pennsylvania Ave
N.W. Rm 2252
Washington, DC
20530

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery
FEB 1 2 2007

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label) 7006 0100 0001 2925 7653

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

**EXHIBIT D**

7006 0100 0001 2925 7660

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ .63 |
| Certified Fee | 2.40 |
| Return Receipt Fee (Endorsement Required) | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.88 |

Postmark Here: PROVIDENCE RI ANNEX 02903 — FEB 8 2007

Sent To: Gonzales – US Atty General

Street, Apt. No.; or PO Box No.: Main Bldg. 950 Penn Ave Rm 2252

City, State, ZIP+4: Washington, DC 20530

PS Form 3800, June 2002 See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Honorable Alberto Gonzales
US Atty General
US Dept. Justice
Main Bldg.
950 Pennsylvania Ave
N.W. – Rm 2252
Washington, DC
20530

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) FEB 12 2007 C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number
*(Transfer from service label)*

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

**EXHIBIT E**

CHISHOLM CHISHOLM & KILPATRICK LLP

ATTORNEYS AT LAW

ROBERT V. CHISHOLM*
J. SCOTT KILPATRICK

ARAM P. JARRET III**

VINCENT J. CHISHOLM
OF COUNSEL

February 20, 2007

Honorable Alberto R. Gonzales
United States Attorney General
US Department of Justice
Main Building
950 Pennsylvania Avenue NW
Rm 2252
Washington, DC 20530

RE: Clayton Wilson
VS: The United States of America, et al

Dear Attorney General Gonzales:

Enclosed please find copies of a Summons and Amended Complaint in an action which has been brought against United States Department of the Navy as a defendant in the United States District Court, District of Rhode Island. The United States Attorney's Office in Providence, Rhode Island has been served with a copy of these documents.

Service is made upon you in accordance with Rule 4(i) of the Federal Rules of Civil Procedure. Answer to this complaint should be filed in the United States District Court, District of Rhode Island and a copy served on the undersigned within Sixty (60) days after receipt of this notice.

Very truly yours,

J. Scott Kilpatrick

JSK/cal
Enclosure
**Certified Mail Return Receipt Requested 7006 0100 0001 2925 7721**
cc: Michael P. Iannotti, Asst. US Attorney

ONE TURKS HEAD PLACE SUITE 1313 PROVIDENCE RHODE ISLAND 02903
RCHISHOLM@CCK-LAW.COM JSKILPATRICK@CCK-LAW.COM JJARRET@CCK-LAW.COM
TELE. 401.331.6300 1.800.544.9144 FAX. 401.421.3185
WWW.CCK-LAW.COM

*ALSO ADMITTED IN MASSACHUSETTS AND NEW YORK **ALSO ADMITTED IN MASSACHUSETTS

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of Rhode Island

CLAYTON WILSON

V.

THE UNITED STATES OF AMERICA

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 07-053S

TO: (Name and address of Defendant)

UNITED STATES DEPARTMENT OF THE NAVY
c/o United States Attorney
50 Kennedy Plaza
Providence, RI 02903

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

J. Scott Kilpatrick, Esq.
Chisholm Chisholm & Kilpatrick LLP
One Turks Head Place - Suite 1313
Providence, RI 02903

an answer to the complaint which is herewith served upon you, within Sixty (60) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE 2/16/07

(By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant. Place where served: ____________________

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: ____________________

☐ Returned unexecuted: ____________________

☐ Other (specify): ____________________

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ____________________
Date

____________________
Signature of Server

____________________
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Case 1:07-cv-00053-S-LDA Document 2 Filed 02/13/2007 Page 1 of 6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CLAYTON WILSON<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF THE NAVY, TRITON MARINE CONSTRUCTION CORP., alias, and THE HASKELL COMPANY, alias<br><br>Defendants. | : | Civil Action: 07-053S |

**AMENDED COMPLAINT**

Pursuant to Rule 15(a) Plaintiff hereby amends the Complaint for the first time as a matter of course, no responsive pleadings having yet been served.

**Parties and Jurisdiction**

1. Plaintiff, Clayton Wilson, ("Plaintiff", "Mr. Wilson") is an individual residing in City of Woonsocket, State of Rhode Island.

2. Defendant, the United States of America ("United States"), is subject to suit under the Federal Tort Claims Act.

3. Defendant, the United States Department of the Navy ("Navy"), is a department within the United States government, and is subject to suit under the Federal Tort Claims Act.

4. Defendant, Triton Marine Construction Corp. ("Triton"), alias, is a business incorporated under the laws of the State of Virginia, with a principal place of business at 2181 Chico Way NW, Bremerton, Washington which, having sufficient minimum contacts with the State of Rhode Island, is subject to jurisdiction in this matter.

5. Defendant, The Haskell Company ("Haskell"), alias, is a business incorporated under the laws the State of Florida, with a principal place of business at 111 Riverside Avenue, Jacksonville, Florida, which, having sufficient minimum contacts with the State of Rhode Island, is subject

Case 1:07-cv-00050-S-DA Document 1-2 Filed 02/13/2007 Page 2 of 6

to jurisdiction in this matter.

6. On or about February 2, 2006, Plaintiff made a Claim for Damage, Injury or Death in the amount of $300,000.00 to the Office of the Judge Advocate General, Tort Claims Unit Norfolk, Virginia.

7. More than six (6) months have passed and the plaintiff's claim has not been paid or granted.

8. This Court has exclusive subject matter jurisdiction over the current matter relative to the United States and the Navy pursuant to 28 U.S.C. § 1346.

9. This Court has subject matter jurisdiction over the current matter relative to Triton and Haskell pursuant to 28 U.S.C. § 1332.

10. Venue is appropriate pursuant to 28 U.S.C. § 1391.

**General Allegations**

11. Upon information and belief, defendants, the United States and the Navy, at all times relevant hereto were, one or both of them, owners of premises located at or near the Submarine Simulator Building ("SSB"), Building P-416, Newport Naval Station, Newport, Rhode Island.

12. Upon information and belief, defendants, the United States and the Navy (the Navy being a Department of Defense agency or component), entered into a negotiated contract, Contract No. N62472-00-D-0800 (the "Contract"), with defendant, Triton, to *inter alia* construct and renovate structures, including work relative to the SSB, located on the United States' Naval Base at Newport, Rhode Island (the "Project").

13. Upon information and belief, Triton subcontracted the design and construction of the Project to Haskell.

14. Triton had a duty of due care for the safety of all workers on the Project, including Plaintiff.

15. Triton was the general contractor and, as such, had a non-delegable duty to provide a safe

work environment for all workers on the Project, including Plaintiff.

16. Haskell had a duty of due care for the safety of all workers on the Project, including Plaintiff.

17. Haskell, also performing in the capacity as a general contractor, had a non-delegable duty to provide a safe work environment for all workers on the Project, including Plaintiff.

18. Further, pursuant to the Contract, Triton agreed to and had an obligation and/or duty to comply with all pertinent provisions of the U.S. Army Corps of Engineers Safety and Health Requirements Manual, EM 385-1-1.

19. Pursuant to EM 385-1-1, Section 21.A.13, Triton was required to inspect access ways daily and maintain the same in a safe manner including, specifically, keeping the access ways free of ice and snow.

20. The workers on the Project, including Plaintiff, were intended beneficiaries of the safety requirements incorporated into the Contract.

21. Upon information and belief, the premises which were the subject of the Contract and the location of the Project, and specifically the SSB (Building P-416) and the grounds surrounding that structure, were owned by the defendants the United States and the Navy.

22. As owners of the subject premises, the United States and the Navy had a duty to maintain the premises in reasonably safe condition for the benefit of all persons reasonably expected to be on the premises, including Plaintiff.

23. As owners on the Project, defendants, the United States and the Navy, each of them, had a duty to oversee safety and maintain a safe work site during the Project.

24. Upon information and belief, Triton and/or Haskell hired MacKenzie Service Corp. ("MacKenzie"), as a painting sub-contractor on the Project. In any event, MacKenzie was a painting sub-contractor on the Project.

25. Plaintiff was an employee of MacKenzie, and was assigned to the Project as a painter.

26. On or about February 18, 2004, at the end of the work day, Plaintiff was exiting the SSB

Case 1:07-cv-00053-S-LDA Document 2 Filed 02/12/2007 Page 4 of 30

structure, where he had been working, and which was a subject of the Contract and part of the Project. He attempted to make his way away from the SSB, and leave the premises to return home.

27. The grounds outside the exit to the SSB were in poor condition, with rough grade, snow and ice. There was no pathway cleared, or erected for the workers. There was not a cleared and safe access way to and from the work area.

28. While attempting to leave the Project, and while walking approximately ten to fifteen feet outside the exit of the SSB, Plaintiff fell due to an accumulation of snow and ice.

29. As a result of falling, the Plaintiff suffered severe and permanent injuries.

**COUNT I**

(Triton - Negligence)

30. Plaintiff hereby repeats and realleges the above allegations as if fully set forth herein.

31. Based on the above, the defendant, Triton, breached its duty to oversee safety, provide a safe work environment, and maintain a safe work site during the Project, as well as other legal duties owing to the Plaintiff

32. As a direct and proximate result of Triton's aforementioned breach or breaches, Plaintiff sustained severe and permanent injuries.

**COUNT II**

(Triton – Breach of Contract)

33. Plaintiff hereby repeats and realleges the above allegations as if fully set forth herein.

34. Based upon the above, the defendant, Triton breached its agreement with the United States and the Navy, a beneficiary of which was the Plaintiff.

35. As a direct and proximate result of said breach, Plaintiff suffered severe and permanent injuries.

**COUNT III**

(Haskell - Negligence)

36. Plaintiff hereby repeats and realleges the above allegations as if fully set forth herein.

37. Based on the above, the defendant, Haskell, breached its duty to oversee safety, provide a safe work environment, and maintain a safe work site during the Project, as well as other legal duties owing to the Plaintiff

38. As a direct and proximate result of Haskell's aforementioned breach or breaches, Plaintiff sustained severe and permanent injuries.

**COUNT IV**

(United States and Navy - FTCA)

39. Plaintiff hereby repeats and realleges the above allegations as if fully set forth herein.

40. The defendants, United States and Navy, breached their respective duties to oversee safety and maintain a safe work site during the Project.

41. The defendants, the United States and the Navy, breached their respective duties to maintain the premises in reasonably safe condition, as well as other legal duties owing to the plaintiff.

42. As a direct and proximate result of the United State's and the Navy's breaches, Plaintiff sustained severe and permanent injuries.

WHEREFORE, the Plaintiff demands judgment against Defendants, The United States of America, the United States Department of the Navy, Triton Marine Construction Corp., Alias, and The Haskell Company, Alias, for all compensatory damages, including but not limited to for pain and suffering, past and future lost wages and benefits, interest, costs, expenses and such other relief as this Court deems just and appropriate, in an amount sufficient to confer jurisdiction. Further, the plaintiffs demand judgment for all appropriate damages, including but not limited to exemplary and/or punitive damages if appropriate, appropriate interest, and attorneys fees and expenses.

J. SCOTT KILPATRICK, ESQ. is hereby designated trial counsel.

The Plaintiff hereby demands a TRIAL BY JURY to extent appropriate, and RESERVES the right to propound further and additional Counts.

Plaintiff,
By His Attorneys,
CHISHOLM CHISHOLM & KILPATRICK, LLP

By /s/ J. Scott Kilpatrick

J. SCOTT KILPATRICK RI Bar #4036
One Turks Head Place
Suite 1313
Providence, Rhode Island 02903
(401) 331-6300 Telephone
(401) 421-3185 Facsimile
Jskilpatrick@cck-law.com

Dated: February 15, 2007

**EXHIBIT F**

CHISHOLM CHISHOLM & KILPATRICK LLP

ATTORNEYS AT LAW

ROBERT V. CHISHOLM*
J. SCOTT KILPATRICK

ARAM P. JARRET III**

VINCENT J. CHISHOLM
OF COUNSEL

February 20, 2007

Honorable Alberto R. Gonzales
United States Attorney General
US Department of Justice
Main Building
950 Pennsylvania Avenue NW
Rm 2252
Washington, DC 20530

RE: Clayton Wilson
VS: The United States of America, et al

Dear Attorney General Gonzales:

Enclosed please find copies of a Summons and Amended Complaint in an action which has been brought against The United States of America as a defendant in the United States District Court, District of Rhode Island. The United States Attorney's Office in Providence, Rhode Island has been served with a copy of these documents.

Service is made upon you in accordance with Rule 4(i) of the Federal Rules of Civil Procedure. Answer to this complaint should be filed in the United States District Court, District of Rhode Island and a copy served on the undersigned within sixty (60) days after receipt of this notice.

Very truly yours,

J. Scott Kilpatrick

JSK/cal
Enclosure
**Certified Mail Return Receipt Requested 7006 0100 0001 2925 7714**
cc: Michael P. Iannotti, Asst. US Attorney

ONE TURKS HEAD PLACE SUITE 1313 PROVIDENCE RHODE ISLAND 02903
RCHISHOLM@CCK-LAW.COM JSKILPATRICK@CCK-LAW.COM JJARRET@CCK-LAW.COM
TELE. 401.331.6300 1.800.544.9144 FAX. 401.421.3185
WWW.CCK-LAW.COM

*ALSO ADMITTED IN MASSACHUSETTS AND NEW YORK **ALSO ADMITTED IN MASSACHUSETTS

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of Rhode Island

CLAYTON WILSON

V.

THE UNITED STATES OF AMERICA

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 07-053S

TO: (Name and address of Defendant)

United States of America
c/o United States Attorney
50 Kennedy Plaza
Providence, RI 02903

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

J. Scott Kilpatrick, Esq.
Chisholm Chisholm & Kilpatrick LLP
One Turks Head Place - Suite 1313
Providence, RI 02903

an answer to the complaint which is herewith served upon you, within Sixty (60) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE 2/16/07

(By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE [redacted] |
| NAME OF SERVER *(PRINT)* | TITLE [redacted] |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant. Place where served: ______________________

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: ______________________

☐ Returned unexecuted: ______________________

☐ Other (specify): ______________________

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on [redacted] ______________________
Date

______________________
Signature of Server

[redacted]
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Case 1:07-cv-00053-S-LDA Document 2 Filed 02/16/2007 Page 1 of 6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CLAYTON WILSON<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF THE NAVY, TRITON MARINE CONSTRUCTION CORP., alias, and THE HASKELL COMPANY, alias<br><br>Defendants. | : | Civil Action: 07-053S |

**AMENDED COMPLAINT**

Pursuant to Rule 15(a) Plaintiff hereby amends the Complaint for the first time as a matter of course, no responsive pleadings having yet been served.

**Parties and Jurisdiction**

1. Plaintiff, Clayton Wilson, ("Plaintiff", "Mr. Wilson") is an individual residing in City of Woonsocket, State of Rhode Island.

2. Defendant, the United States of America ("United States"), is subject to suit under the Federal Tort Claims Act.

3. Defendant, the United States Department of the Navy ("Navy"), is a department within the United States government, and is subject to suit under the Federal Tort Claims Act.

4. Defendant, Triton Marine Construction Corp. ("Triton"), alias, is a business incorporated under the laws of the State of Virginia, with a principal place of business at 2181 Chico Way NW, Bremerton, Washington which, having sufficient minimum contacts with the State of Rhode Island, is subject to jurisdiction in this matter.

5. Defendant, The Haskell Company ("Haskell"), alias, is a business incorporated under the laws the State of Florida, with a principal place of business at 111 Riverside Avenue, Jacksonville, Florida, which, having sufficient minimum contacts with the State of Rhode Island, is subject

to jurisdiction in this matter.

6. On or about February 2, 2006, Plaintiff made a Claim for Damage, Injury or Death in the amount of $300,000.00 to the Office of the Judge Advocate General, Tort Claims Unit Norfolk, Virginia.

7. More than six (6) months have passed and the plaintiff's claim has not been paid or granted.

8. This Court has exclusive subject matter jurisdiction over the current matter relative to the United States and the Navy pursuant to 28 U.S.C. § 1346.

9. This Court has subject matter jurisdiction over the current matter relative to Triton and Haskell pursuant to 28 U.S.C. § 1332.

10. Venue is appropriate pursuant to 28 U.S.C. § 1391.

**General Allegations**

11. Upon information and belief, defendants, the United States and the Navy, at all times relevant hereto were, one or both of them, owners of premises located at or near the Submarine Simulator Building ("SSB"), Building P-416, Newport Naval Station, Newport, Rhode Island.

12. Upon information and belief, defendants, the United States and the Navy (the Navy being a Department of Defense agency or component), entered into a negotiated contract, Contract No. N62472-00-D-0800 (the "Contract"), with defendant, Triton, to *inter alia* construct and renovate structures, including work relative to the SSB, located on the United States' Naval Base at Newport, Rhode Island (the "Project").

13. Upon information and belief, Triton subcontracted the design and construction of the Project to Haskell.

14. Triton had a duty of due care for the safety of all workers on the Project, including Plaintiff.

15. Triton was the general contractor and, as such, had a non-delegable duty to provide a safe

Case 1:07-cv-00053-S-LDA Document 2 Filed 02/15/2007 Page 3 of 8

work environment for all workers on the Project, including Plaintiff.

16. Haskell had a duty of due care for the safety of all workers on the Project, including Plaintiff.

17. Haskell, also performing in the capacity as a general contractor, had a non-delegable duty to provide a safe work environment for all workers on the Project, including Plaintiff.

18. Further, pursuant to the Contract, Triton agreed to and had an obligation and/or duty to comply with all pertinent provisions of the U.S. Army Corps of Engineers Safety and Health Requirements Manual, EM 385-1-1.

19. Pursuant to EM 385-1-1, Section 21.A.13, Triton was required to inspect access ways daily and maintain the same in a safe manner including, specifically, keeping the access ways free of ice and snow.

20. The workers on the Project, including Plaintiff, were intended beneficiaries of the safety requirements incorporated into the Contract.

21. Upon information and belief, the premises which were the subject of the Contract and the location of the Project, and specifically the SSB (Building P-416) and the grounds surrounding that structure, were owned by the defendants the United States and the Navy.

22. As owners of the subject premises, the United States and the Navy had a duty to maintain the premises in reasonably safe condition for the benefit of all persons reasonably expected to be on the premises, including Plaintiff.

23. As owners on the Project, defendants, the United States and the Navy, each of them, had a duty to oversee safety and maintain a safe work site during the Project.

24. Upon information and belief, Triton and/or Haskell hired MacKenzie Service Corp. ("MacKenzie"), as a painting sub-contractor on the Project. In any event, MacKenzie was a painting sub-contractor on the Project.

25. Plaintiff was an employee of MacKenzie, and was assigned to the Project as a painter.

26. On or about February 18, 2004, at the end of the work day, Plaintiff was exiting the SSB

Case 1:07-cv-00053-S-LDA Document 2 Filed 02/1?/2007 Page 4 of 6

structure, where he had been working, and which was a subject of the Contract and part of the Project. He attempted to make his way away from the SSB, and leave the premises to return home.

27. The grounds outside the exit to the SSB were in poor condition, with rough grade, snow and ice. There was no pathway cleared, or erected for the workers. There was not a cleared and safe access way to and from the work area.

28. While attempting to leave the Project, and while walking approximately ten to fifteen feet outside the exit of the SSB, Plaintiff fell due to an accumulation of snow and ice.

29. As a result of falling, the Plaintiff suffered severe and permanent injuries.

**COUNT I**

(Triton - Negligence)

30. Plaintiff hereby repeats and realleges the above allegations as if fully set forth herein.

31. Based on the above, the defendant, Triton, breached its duty to oversee safety, provide a safe work environment, and maintain a safe work site during the Project, as well as other legal duties owing to the Plaintiff

32. As a direct and proximate result of Triton's aforementioned breach or breaches, Plaintiff sustained severe and permanent injuries.

**COUNT II**

(Triton – Breach of Contract)

33. Plaintiff hereby repeats and realleges the above allegations as if fully set forth herein.

34. Based upon the above, the defendant, Triton breached its agreement with the United States and the Navy, a beneficiary of which was the Plaintiff.

35. As a direct and proximate result of said breach, Plaintiff suffered severe and permanent injuries.

Case 1:07-cv-00053-S-LDA Document 2 Filed 02/1_/2007 Page 5 of 6

**COUNT III**

(Haskell - Negligence)

36. Plaintiff hereby repeats and realleges the above allegations as if fully set forth herein.

37. Based on the above, the defendant, Haskell, breached its duty to oversee safety, provide a safe work environment, and maintain a safe work site during the Project, as well as other legal duties owing to the Plaintiff

38. As a direct and proximate result of Haskell's aforementioned breach or breaches, Plaintiff sustained severe and permanent injuries.

**COUNT IV**

(United States and Navy - FTCA)

39. Plaintiff hereby repeats and realleges the above allegations as if fully set forth herein.

40. The defendants, United States and Navy, breached their respective duties to oversee safety and maintain a safe work site during the Project.

41. The defendants, the United States and the Navy, breached their respective duties to maintain the premises in reasonably safe condition, as well as other legal duties owing to the plaintiff.

42. As a direct and proximate result of the United State's and the Navy's breaches, Plaintiff sustained severe and permanent injuries.

WHEREFORE, the Plaintiff demands judgment against Defendants, The United States of America, the United States Department of the Navy, Triton Marine Construction Corp., Alias, and The Haskell Company, Alias, for all compensatory damages, including but not limited to for pain and suffering, past and future lost wages and benefits, interest, costs, expenses and such other relief as this Court deems just and appropriate, in an amount sufficient to confer jurisdiction. Further, the plaintiffs demand judgment for all appropriate damages, including but not limited to exemplary and/or punitive damages if appropriate, appropriate interest, and attorneys fees and expenses.

Case 1:07-cv-00053-S-LDA Document 2 Filed 02/15/2007 Page 6 of 6

J. SCOTT KILPATRICK, ESQ. is hereby designated trial counsel.

The Plaintiff hereby demands a TRIAL BY JURY to extent appropriate, and RESERVES the right to propound further and additional Counts.

Plaintiff,
By His Attorneys,
CHISHOLM CHISHOLM & KILPATRICK, LLP

By /s/ J. Scott Kilpatrick
J. SCOTT KILPATRICK RI Bar #4036
One Turks Head Place
Suite 1313
Providence, Rhode Island 02903
(401) 331-6300 Telephone
(401) 421-3185 Facsimile
Jskilpatrick@cck-law.com

Dated: February 15, 2007

**EXHIBIT G**

7006 0100 0001 2925 7721

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ .63 | Postmark Here |
| Certified Fee | 2.40 | |
| Return Receipt Fee (Endorsement Required) | 1.85 | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 4.88 | |

*Sent To* Hon. Alberto Gonzales - US Atty Gen
*Street, Apt. No.; or PO Box No.* Dept Justice 950 Penn. Ave. NW - Rm 2252
*City, State, ZIP+4* Washington, DC 20530

PS Form 3800, June 2002 See Reverse for Instructions

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Hon. Alberto Gonzales
US Attorney General
US Dept Justice
Main Bldg. Rm 2252
900 Pennsylvania Ave NW
Washington, DC
20530

2. Article Number
*(Transfer from service label)*

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (*Printed Name*) FEB 26 2007 C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☒ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

**EXHIBIT H**

7006 0100 0001 2925 7714

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ .63 |
| Certified Fee | 2.40 |
| Return Receipt Fee (Endorsement Required) | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 4.88 |

Postmark Here

US Atty General
Sent To: Honorable Alberto Gonzales
Street, Apt. No.; or PO Box No.: US Dept Justice - Main Bldg.
City, State, ZIP+4: 950 Penn. Ave. NW Washington, DC 20530

PS Form 3800, June 2002 See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Honorable Alberto Gonzales
US Attorney General
US Dept Justice
Main Bldg. - Rm 2252
950 Pennsylvania NW
Washington, DC 20530

2. Article Number
*(Transfer from service label)*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) FEB 26 2007 C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540