**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CLAYTON WILSON,** | **:** | |
| **Plaintiff,** | | |
| **v.** | **:** | **C.A. No.: 07-053S** |
| **THE UNITED STATES OF AMERICA,** | **:** | |
| **UNITED STATES DEPARTMENT OF THE NAVY,** | **:** | |
| **TRITON MARINE CONSTRUCTION CORP., alias,** | **:** | |
| **And THE HASKELL COMPANY, alias,** | **:** | |
| **Defendants.** | **:** | |

**DEFENDANT THE HASKELL COMPANY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND CROSS-CLAIM AGAINST CO-DEFENDANTS**

The Defendant, The Haskell Company ( "Defendant"), hereby responds to the respective-numbered allegations of the Plaintiff, Clayton Wilson's ("Plaintiff"), Complaint as follows:

1. Defendant is without sufficient knowledge or information as to the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Defendant is without sufficient knowledge or information as to the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendant is without sufficient knowledge or information as to the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Defendant is without sufficient knowledge or information as to the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Defendant admits that The Haskell Company is a business incorporated under the laws of the State of Florida and has a principle address at 111 Riverside Avenue in Jacksonville, Florida. Defendant does not respond to the remaining allegations in paragraph 5 which assert legal conclusions to which no response is required.

6. Defendant is without sufficient knowledge or information as to the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendant is without sufficient knowledge or information as to the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. Defendant does not respond to paragraph 8 which asserts legal conclusions to which no response is required.

9. Defendant does not respond to paragraph 9 which asserts legal conclusions to which no response is required.

10. Defendant does not respond to paragraph 10 which asserts legal conclusions to which no response is required.

## GENERAL ALLEGATIONS

11. Defendant is without sufficient knowledge or information as to the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. Defendant is without sufficient knowledge or information as to the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Denied as stated. Defendant admits that Defendant entered into Subcontract Agreement(s) with The Mackenzie Painting Company. Defendant states that the Subcontract Agreement(s) and the Terms and Conditions of the Subcontract Agreement(s) speak for themselves.

14. Defendant does not respond to paragraph 14 which pertains to another defendant and which asserts legal conclusions to which no response is required. To any extent that paragraph 14 alleges that this Defendant engaged in any negligence or wrongdoing, it is expressly denied.

15. Defendant does not respond to paragraph 15 which pertains to another defendant and which asserts legal conclusions to which no response is required. To any extent that paragraph 15 alleges that this Defendant engaged in any negligence or wrongdoing, it is expressly denied.

16. Denied.

17. Denied.

18. Defendant does not respond to paragraph 18 which pertains to another defendant and which asserts legal conclusions to which no response is required. Defendant further states that the alleged U.S. Army Corps of Engineers Safety and Health Requirements Manual, EM 385-1-1 speaks for itself. To any extent that paragraph 18 alleges that this Defendant engaged in any negligence or wrongdoing, it is expressly denied.

19. Defendant does not respond to paragraph 19 which pertains to another defendant and which asserts legal conclusions to which no response is required. Defendant further states that the alleged U.S. Army Corps of Engineers Safety and Health Requirements Manual, EM 385-1-1 speaks for itself. To any extent that paragraph 19 alleges that this Defendant engaged in any negligence or wrongdoing, it is expressly denied.

20. Defendant does not respond to paragraph 20 which asserts legal conclusions to which no response is required. Defendant further states that the alleged contract speaks for itself. To any extent that paragraph 20 alleges that this Defendant engaged in any negligence or wrongdoing, it is expressly denied.

21. Defendant is without sufficient knowledge or information as to the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendant does not respond to paragraph 19 which pertains to other defendants and which asserts legal conclusions to which no response is required. To any extent that

paragraph 22 alleges that this Defendant engaged in any negligence or wrongdoing, it is expressly denied.

23. Defendant does not respond to paragraph 23 which pertains to other defendants and which asserts legal conclusions to which no response is required. To any extent that paragraph 23 alleges that this Defendant engaged in any negligence or wrongdoing, it is expressly denied.

24. Denied as stated. Defendant admits that it entered into certain Subcontract Agreement(s) with The Mackenzie Painting Company with respect to work described as SWOS Applied Instruction Building. Defendant further states that said Subcontract Agreement(s) and the Terms and Conditions thereof speak for themselves.

25. Defendant is without sufficient knowledge or information as to the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendant is without sufficient knowledge or information as to the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Defendant is without sufficient knowledge or information as to the allegations contained in paragraph 27 of Plaintiff's Complaint. To any extent that paragraph 27 alleges that this Defendant engaged in any negligence or wrongdoing, it is expressly denied.

28. Defendant is without sufficient knowledge or information as to the allegations contained in paragraph 28 of Plaintiff's Complaint. To any extent that paragraph 14 alleges that this Defendant engaged in any negligence or wrongdoing, it is expressly denied.

29. Defendant is without sufficient knowledge or information as to the allegations contained in paragraph 29 of Plaintiff's Complaint.

**<u>COUNT I</u>**
**(Triton – Negligence)**

30. Defendant repeats and reasserts its responses to paragraphs 1-29 herein.

31-32. Defendant does not respond to paragraphs 31-32 which pertain to another defendant. To the extent that these paragraphs assert that Defendant was negligent, such allegations are denied.

**<u>COUNT II</u>**

**(Triton – Breach of Contract)**

33. Defendant repeats and reasserts its responses to paragraphs 1-32 herein.

34-35. Defendant does not respond to paragraphs 34-35 which pertain to another defendant. To the extent that these paragraphs assert that Defendant was negligent, such allegations are denied.

**<u>COUNT III</u>**

**(Haskell – Negligence)**

36. Defendant repeats and reasserts its responses to paragraphs 1-35 herein.

37. Denied.

38. Denied.

**<u>COUNT IV</u>**

**(United States and Navy – FTCA)**

39. Defendant repeats and reasserts its responses to paragraphs 1-29 herein.

40-42. Defendant does not respond to paragraphs 40-42 which pertain to other defendants. To the extent that these paragraphs assert that Defendant was negligent, such allegations are denied.

WHEREFORE, Defendant herein demands judgment dismissing Plaintiff's Complaint together with costs.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant denies each and every allegation of negligence in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Defendant denies that it owed any duty to Plaintiff as alleged in the Complaint or otherwise.

## FOURTH AFFIRMATIVE DEFENSE

Defendant denied that it breached any duty of care with respect to the alleged incident.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's injuries were caused by acts or omissions of persons over whom Defendant exercised no control and for whose conduct it bears no responsibility for.

## SIXTH AFFIRMATIVE DEFENSE

Defendant’s alleged negligence was not the proximate cause of the Plaintiff's alleged injuries.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained damages or injuries, such damages or injuries were caused by the acts of third persons which Defendant had no reason to anticipate and of which it had no knowledge, or over whom it had no control, and for whose conduct it is not responsible.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages, if any, were caused by a superseding, intervening act which was beyond the knowledge or control of Defendant.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the doctrine of assumption of risk.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff is guilty of contributory negligence and his damages, if any, recovered by him from Defendant should be reduced in proportion to the said negligence of Plaintiff in accordance with the applicable provisions of the comparative negligence statute.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant asserts the affirmative defenses of insufficiency of service of process.

**TWELFTH AFFIRMATIVE DEFENSE**

This Court lacks subject matter, personal and diversity jurisdiction over Defendant The Haskell Company.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges the affirmative defense of inappropriate venue and forum non conveniens.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant at all times relevant hereto was in the exercise of due care.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff’s claims are barred by the applicable statute of limitations.

Defendant reserves the right to plead and prove any other defenses as may become known during the course of discovery and/or at trial

**CROSS-CLAIM**

The Defendant/Cross-Claimant, The Haskell Company ("Haskell"), sets forth the following as and for its cross-claim against co-defendants Triton Marine Construction Corp. ("Triton"), The United States of America ("United States"), and the United States Department of the Navy ("Navy"):

**BACKGROUND**

1. On or about February 15, 2007, the Plaintiff, Clayton Wilson ("Plaintiff"), filed an Amended Complaint against the United States, Triton and Haskell. *See* Complaint (on file with Court).

2. The Complaint alleges that, in relevant part, Plaintiff sustained injuries as a result of a slip and fall accident at or near the Submarine Simulator Building, Building P-416, Newport Naval Station, Newport, Rhode Island ("subject premises"), on or about February 18, 2004, due, in part, to the negligence of Haskell, which Haskell expressly denies. *Id.*

3. The Complaint also includes claims against Triton for negligence and breach of contract and against the United States under the Federal Tort Claims Act. *Id.*

**COUNT I**
**(Triton – Negligence)**

4. Paragraphs 1 through 3 above are hereby incorporated as paragraphs 1 through 3 of Count I of Haskell's Cross-Claim as if fully set forth herein.

5. Plaintiff alleges that Haskell was negligent in failing to remove snow and/or ice from the location of his fall.

6. Haskell denies any negligence and/or that it caused or contributed to any alleged damages or injuries to Plaintiff.

7. At all relevant times, Triton was the general contractor at the subject premises.

8. If the jury were to find Haskell liable for Plaintiff's alleged damages and injuries, or a contributing cause thereto, then such injuries were proximately caused by the conduct of Triton.

9. As a result of Triton's negligence, Haskell has incurred and will continue to incur damages, including but not limited to damages which may be awarded against it in favor of Plaintiff, and all costs and attorneys fees incurred in the defense of this claim.

WHEREFORE Haskell claims: (1) indemnification and contribution for any and all sums which may be awarded to Plaintiff; (2) attorneys fees incurred in the defense of the action brought by Plaintiff; and (3) such other and further relief as the Court may deem just and proper.

**COUNT II**
**(Triton – Common Law Indemnification)**

10. Paragraphs 1 through 9 above are hereby incorporated as paragraphs 1 through 9 of Count II of Haskell's Cross-Claim as if fully set forth herein.

11. Haskell denies any negligence and/or that it caused or contributed to any alleged damages or injuries to Plaintiff.

12. If the jury were to find Haskell liable for Plaintiff's alleged damages and injuries, or a contributing cause thereto, then such injuries were proximately caused by the conduct of Triton.

13. In the event that judgment is rendered against Haskell, it prays that the Court direct Triton to indemnify and hold harmless Haskell for the entire amount of said judgment, as any injuries suffered by Plaintiff were caused solely by the acts or omissions of Triton.

WHEREFORE, the Defendant Cross-Claimant, The Haskell Company, claims, (1) full indemnification and contribution for any and all sums which may be awarded to Plaintiff; (2) attorneys fees incurred in the defense of the action brought by Plaintiff; and (3) such other and further relief as the Court may deem just and proper.

**COUNT III**
**(United States and Navy – Negligence)**

14. Paragraphs 1 through 13 above are hereby incorporated as paragraphs 1 through 13 of Count III of Haskell's Cross-Claim as if fully set forth herein.

15. Plaintiff alleges that Haskell was negligent in failing to remove snow and/or ice from the location of his fall.

16. Haskell denies any negligence and/or that it caused or contributed to any alleged damages or injuries to Plaintiff.

17. At all relevant times, the United States and/or the Navy owned the subject premises.

18. If the jury were to find Haskell liable for Plaintiff's alleged damages and injuries, or a contributing cause thereto, then such injuries were proximately caused by the conduct of the owner of the premises, the United States and/or the Navy.

19. As a result of the negligence of the owner of the premises, the United States and/or the Navy, Haskell has incurred and will continue to incur damages, including but not limited to damages which may be awarded against it in favor of Plaintiff, and all costs and attorneys fees incurred in the defense of this claim.

WHEREFORE Haskell claims: (1) indemnification and contribution for any and all sums which may be awarded to Plaintiff; (2) attorneys fees incurred in the defense of the action brought by Plaintiff; and (3) such other and further relief as the Court may deem just and proper.

**COUNT IV**
**(United States and Navy – Common Law Indemnification)**

20. Paragraphs 1 through 19 above are hereby incorporated as paragraphs 1 through 19 of Count IV of Haskell's Cross-Claim as if fully set forth herein.

21. Haskell denies any negligence and/or that it caused or contributed to any alleged damages or injuries to Plaintiff.

22. If the jury were to find Haskell liable for Plaintiff's alleged damages and injuries, or a contributing cause thereto, then such injuries were proximately caused by the conduct of the United States and/or the Navy.

23. In the event that judgment is rendered against Haskell, it prays that the Court direct the United States and/or the Navy to indemnify and hold harmless Haskell for the entire amount of said judgment, as any injuries suffered by Plaintiff were caused solely by the acts or omissions of Triton.

WHEREFORE, the Defendant Cross-Claimant, The Haskell Company, claims, (1) full indemnification and contribution for any and all sums which may be awarded to Plaintiff; (2) attorneys fees incurred in the defense of the action brought by Plaintiff; and (3) such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

The Defendant/Cross-Claimant, The Haskell Company, demands a trial by jury on all applicable issues raised herein.

Defendant and Cross-Claimant,
**THE HASKELL COMPANY,**
By its attorneys,

/s/ Valerie N. Kloecker

Valerie N. Kloecker (#7327)
Bonner Kiernan Trebach & Crociata, LLP
55 Pine Street
Providence, RI 02903
Phone: (800) 840-5087
Fax: (617) 426-0380
vkloecker@bktc.net

Please send all correspondence to:
Valerie N. Kloecker
One Liberty Square, 6th Floor
Boston, MA 02109

DATED: March 20, 2007

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document has been filed electronically and is available for viewing and downloading from the ECF system and that a copy of said document was mailed, on this 20th day of March, 2007 to all counsel of record.

J. Scott Kilpatrick, Esq.
Chisholm Chisholm & Kilpatrick, LLC
One Turks Head Place, Suite 1313
Providence, RI 02903

Michael R. DeLuca, Esq.
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903

/s/ Valerie N. Kloecker
Valerie N. Kloecker