**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CLAYTON WILSON,**<br>**Plaintiff,** | :<br>: | |
| **v.** | : | **C.A. No.: 07-053S** |
| **THE UNITED STATES OF AMERICA,**<br>**UNITED STATES DEPARTMENT OF THE NAVY,**<br>**TRITON MARINE CONSTRUCTION CORP., alias,**<br>**And THE HASKELL COMPANY, alias,**<br>**Defendants.** | :<br>:<br>:<br>:<br>: | |
| **THE HASKELL COMPANY**<br>**Defendant/Third-Party Plaintiff,** | :<br>: | |
| **v.** | : | |
| **MACKENZIE PAINTING CO., INC.**<br>**Third-Party Defendant.** | :<br>: | |

**THIRD-PARTY COMPLAINT OF THE HASKELL COMPANY**
**AGAINST MACKENZIE PAINTING CO., INC.**

**THE PARTIES**

1. Defendant/Third-Party Plaintiff, The Haskell Company ("Haskell"), is a business incorporated under the laws of the State of Florida and has a principle address at 111 Riverside Avenue in Jacksonville, Florida.

2. Third-Party Defendant, The Mackenzie Painting Company ("Third-Party Defendant"), is a business incorporated under the laws of the State of Connecticut and has a principal place of business at 60 Mead Street in Stratford, Connecticut.

3. At all times relevant hereto, Third-Party Defendant conducted business in the State of Rhode Island.

4. Upon information and belief, First-Party Plaintiff Clayton Wilson ("Plaintiff"), is an individual residing in Woonsocket, Rhode Island.

**BACKGROUND**

5. On or about February 15, 2007, Plaintiff filed an Amended Complaint against the United States of American and the United States Department of the Navy (collectively the "United States"), as well as Triton Construction Corp. ("Triton"), and Haskell ("Complaint"). *See* **Exhibit A**, Amended Complaint.

6. The Complaint alleges that, in relevant part, Plaintiff sustained injuries as a result of a slip and fall accident at or near the Submarine Simulator Building, Building P-416, Newport Naval Station, Newport, Rhode Island ("subject premises"), on or about February 18, 2004, due, in part, to the negligence of Haskell, which Haskell expressly denies. *Id.*

7. The Complaint also includes claims against Triton for negligence and breach of contract and against the United States under the Federal Tort Claims Act. *Id.*

8. On February 18, 2004, Haskell had a subcontract with Third-Party Defendant for Third-Party Defendant to perform certain work described as SWOS Applied Instruction Building ("Subcontract").

9. Pursuant to Section 10 of the Terms and Conditions of the Subcontract between Haskell and Third-Party Defendant, Third-Party Defendant was required to obtain comprehensive general liability insurance coverage to include, in relevant part, independent contractors, contractual liability and personal injury ("Policy").

10. Pursuant to Section 10 of the Terms and Conditions of the Subcontract between Haskell and Third-Party Defendant, Third-Party Defendant was required to include Haskell as an Additional Insured under the Policy.

11. Pursuant to Section 10 of the Terms and Conditions of the Subcontract between Haskell and Third-Party Defendant, the Policy "shall apply as primary insurance with respect to any other insurance available to or maintained by" Haskell.

12. Pursuant to Section 11 (Indemnity) of the Terms and Conditions of the Subcontract between Haskell and Third-Party Defendant, Third-Party Defendant agreed "to defend, indemnify and save harmless" Haskell "from and against any claim, cost, attorneys' fees, expense or liability, attributable to bodily injury … caused by, arising out of, resulting from, or occurring in connection with the performance of the Work by [Third-Party Defendant], its subcontractors and suppliers, or their agents, servants or employees."

13. Pursuant to Section 11 (Indemnity) of the Terms and Conditions of the Subcontract between Haskell and Third-Party Defendant, Third-Party Defendant agreed "to defend, indemnify and save harmless" the Owner and any other parties which Haskell is required under certain contract documents to defend, indemnify and hold harmless "from and against any claim, cost, attorneys' fees, expense or liability, attributable to bodily injury … caused by, arising out of, resulting from, or occurring in connection with the performance of the Work by [Third-Party Defendant], its subcontractors and suppliers, or their agents, servants or employees."

14. Plaintiff alleges that he was an employee of Third-Party Defendant.

**COUNT I**
**(Contractual Indemnity)**

15. Paragraphs 1 through 14 above are hereby incorporated as paragraphs 1 through 14 of Count I as if fully set forth herein.

16. Pursuant to the written Contract between Haskell and Third-Party Defendant, Third-Party Defendant agreed "to defend, indemnify and save harmless" Haskell "from and against any claim, cost, attorneys' fees, expense or liability, attributable to bodily injury … caused by, arising out of, resulting from, or occurring in connection with the performance of the Work by [Third-Party Defendant], its subcontractors and suppliers, or their agents, servants or employees."

17. Pursuant to the written Contract between Haskell and Third-Party Defendant, Third-Party Defendant agreed "to defend, indemnify and save harmless" the Owner and any other parties which Haskell is required under certain contract documents to defend, indemnify and hold harmless "from and against any claim, cost, attorneys' fees, expense or liability, attributable to bodily injury … caused by, arising out of, resulting from, or occurring in connection with the performance of the Work by [Third-Party Defendant], its subcontractors and suppliers, or their agents, servants or employees."

18. If Plaintiff recovers damages against Haskell pursuant to the allegations of the Complaint, then Third-Party Defendant will be liable to Haskell for indemnification and for the costs of defense.

19. If Haskell is held responsible for providing a defense and indemnification to Triton and/or the United States, Third-Party Defendant will be liable to Haskell for such defense and indemnification.

WHEREFORE, the Defendant/Third-Party Plaintiff, The Haskell Company, claims, (1) full indemnification and contribution for any and all sums which may be awarded to Plaintiff; (2) full indemnification and contribution for any and all sums which Triton and/or the United States may recover from Haskell; (3) attorneys fees incurred in the defense of the action brought by Plaintiff; (4) attorneys fees incurred in the defense of any action brought by Triton and/or the United States pursuant to the allegations of Plaintiff's Complaint; and (5) such other and further relief as the Court may deem just and proper.

**COUNT II**
**(Implied Contractual Indemnity)**

20. Paragraphs 1 through 19 above are hereby incorporated as paragraphs 1 through 19 of Count II as if fully set forth herein.

21. Pursuant to the contractual agreement between Haskell and Third-Party Defendant, Third-Party Defendant agreed "to defend, indemnify and save harmless" Haskell "from and against any claim, cost, attorneys' fees, expense or liability, attributable to bodily injury … caused by, arising out of, resulting from, or occurring in connection with the performance of the Work by [Third-Party Defendant], its subcontractors and suppliers, or their agents, servants or employees."

22. Pursuant to the contractual agreement between Haskell and Third-Party Defendant, Third-Party Defendant agreed "to defend, indemnify and save harmless" the Owner and any other parties which Haskell is required under certain contract documents to defend, indemnify and hold harmless "from and against any claim, cost, attorneys' fees, expense or liability, attributable to bodily injury … caused by, arising out of, resulting from, or

occurring in connection with the performance of the Work by [Third-Party Defendant], its subcontractors and suppliers, or their agents, servants or employees."

23. If Plaintiff recovers damages against Haskell pursuant to the allegations of the Complaint, then Third-Party Defendant will be liable to Haskell for indemnification and for the costs of defense.

24. If Haskell is held responsible for providing a defense and indemnification to Triton and/or the United States, Third-Party Defendant will be liable to Haskell for such defense and indemnification.

WHEREFORE, the Defendant/Third-Party Plaintiff, The Haskell Company, claims, (1) full indemnification and contribution for any and all sums which may be awarded to Plaintiff; (2) full indemnification and contribution for any and all sums which Triton and/or the United States may recover from Haskell; (3) attorneys fees incurred in the defense of the action brought by Plaintiff; (4) attorneys fees incurred in the defense of any action brought by Triton and/or the United States pursuant to the allegations of Plaintiff's Complaint; and (5) such other and further relief as the Court may deem just and proper.

**COUNT III**
**(Common Law Indemnification)**

25. Paragraphs 1 through 24 above are hereby incorporated as paragraphs 1 through 24 of Count III as if fully set forth herein.

26. Haskell denies any negligence and/or that it caused or contributed to any alleged damages or injuries to Plaintiff.

27. If the factfinder were to find Haskell liable for Plaintiff's alleged damages or a contributing cause thereto, then any such damages or injuries were proximately caused by the conduct of the Third-Party Defendant.

28. In the event that judgment is rendered against Haskell, it prays that the Court direct the Third-Party Defendant to indemnify and hold harmless Haskell for the entire amount of said judgment, as any injuries suffered by Plaintiff was caused solely by the acts or omissions of the Third-Party Defendant.

WHEREFORE, the Defendant/Third-Party Plaintiff, The Haskell Company, claims, (1) full indemnification for any and all sums which may be awarded to Plaintiff; (2) attorneys fees incurred in the defense of the action brought by Plaintiff; and (3) such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

The Defendant/Third-Party Plaintiff, The Haskell Company, demands a trial by jury on all applicable issues raised herein.

Defendant,
**THE HASKELL COMPANY,**
By its attorneys,

_/s/ Valerie N. Kloecker_______________
Valerie N. Kloecker (#7327)
Bonner Kiernan Trebach & Crociata, LLP
55 Pine Street
Providence, RI 02903
Phone: (800) 840-5087
Fax: (617) 426-0380
vkloecker@bktc.net

Please send all correspondence to:
Valerie N. Kloecker
One Liberty Square, 6th Floor
Boston, MA 02109

DATED: March 30, 2007

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing document has been mailed, on this 30th day of March, 2007 to all counsel of record.

J. Scott Kilpatrick, Esq.
Chisholm Chisholm & Kilpatrick, LLC
One Turks Head Place, Suite 1313
Providence, RI 02903

Michael R. DeLuca, Esq.
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903

/s/ Valerie N. Kloecker______________