UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CLAYTON WILSON :

VS. :

THE UNITED STATES OF AMERICA :
UNITED STATES DEPARTMENT OF THE NAVY : C.A. NO. 07-053S
TRITON MARINE CONSTRUCTION CORP., alias :
And THE HASKELL COMPANY, alias :

VS. :

MACKENZIE PAINTING CO., INC. :

MACKENZIE PAINTING CO., INC.'S ANSWER
TO THIRD PARTY COMPLAINT

Third party defendant, MacKenzie Painting Co., Inc., hereby answers the third party complaint as follows:

1. The third party defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

2. Admitted that MacKenzie Painting Co., Inc. is a business incorporated in Connecticut with a principal place of business at 60 Mead Street in Stratford, Connecticut. Otherwise, denied.

3. Admitted that the third party defendant conducted business in the State of Rhode Island relative to the contract which underlies the subject matter of this complaint. Otherwise, the third party defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

4. The third party defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

5. Admitted that such an amended complaint was filed.

6. Admitted that these are allegations contained in the complaint.

7. Admitted that these are allegations contained in the complaint.

8. Admitted.

9. The third party defendant neither admits nor denies the allegations contained in this paragraph and leaves the third party plaintiff to its proof thereof. Further answering, the third party defendant states that the contract terms referred to speak for themselves.

10. The third party defendant neither admits nor denies the allegations contained in this paragraph and leaves the third party plaintiff to its proof thereof. Further answering, the third party defendant states that the contract terms referred to speak for themselves.

11. The third party defendant neither admits nor denies the allegations contained in this paragraph and leaves the third party plaintiff to its proof thereof. Further answering, the third party defendant states that the contract terms referred to speak for themselves.

12. The third party defendant neither admits nor denies the allegations contained in this paragraph and leaves the third party plaintiff to its proof thereof. Further answering, the third party defendant states that the contract terms referred to speak for themselves.

13. The third party defendant neither admits nor denies the allegations contained in this paragraph and leaves the third party plaintiff to its proof thereof. Further answering, the third party defendant states that the contract terms referred to speak for themselves.

14. Admitted that the plaintiff has alleged he was an employee of third party defendant.

## COUNT I

15. The third party defendant incorporates its answers to paragraphs 1 through 14, above, as if set forth in full herein.

16. The third party defendant neither admits nor denies the allegations contained in this paragraph and leaves the third party plaintiff to its proof thereof. Further answering, the third party defendant states that the contract terms referred to speak for themselves.

17. The third party defendant neither admits nor denies the allegations contained in this paragraph and leaves the third party plaintiff to its proof thereof. Further answering, the third party defendant states that the contract terms referred to speak for themselves.

18. Denied.

19. Denied.

COUNT II

20. The third party defendant incorporates its answers to paragraphs 1 through 19, above, as if set forth in full herein.

21. The third party defendant neither admits nor denies the allegations contained in this paragraph and leaves the third party plaintiff to its proof thereof. Further answering, the third party defendant states that the contract terms referred to speak for themselves.

22. The third party defendant neither admits nor denies the allegations contained in this paragraph and leaves the third party plaintiff to its proof thereof. Further answering, the third party defendant states that the contract terms referred to speak for themselves.

23. Denied.

24. Denied.

COUNT III

25. The third party defendant incorporates its answers to paragraphs 1 through 24, above, as if set forth in full herein.

26. The third party defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

27. Denied.

28. Denied.

FIRST AFFIRMATIVE DEFENSE

The third party complaint fails to state a claim upon which relief may be granted as against the third party defendant.

SECOND AFFIRMATIVE DEFENSE

The third party defendant affirmatively pleads that Rhode Island statutory law prohibits third party defendant's assumption of liability for the negligence on the part of the third party plaintiff or others.

THIRD AFFIRMATIVE DEFENSE

The third party defendant affirmatively pleads that, as a matter of law, it is not liable to the plaintiff in this action and the third party plaintiff's claim for common law indemnity is therefore barred.

FOURTH AFFIRMATIVE DEFENSE

The third party defendant affirmatively pleads that, as a matter of law, it is not liable to the plaintiff in this action and the third party plaintiff's claim for contribution is therefore barred.

FIFTH AFFIRMATIVE DEFENSE

The third party plaintiff's claims are barred, in whole or in part, to the extent that the matter alleged in the complaint is barred by the applicable terms, conditions, limitations and exclusions of the contracts in issue.

CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson
C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile

Third party defendant, MacKenzie Painting Co., Inc., hereby claims trial by jury.

CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson
C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile

CERTIFICATION

I hereby certify that on the 27th day of July, 2007, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Michael R. DeLuca, Esq., mrd@gsm-law.com , J. Scott Kilpatrick, Esq., jskilpatrick@cck-law.com, Valerie Nicole Kloecker, Esq., vkloecker@bktc.net will receive notice through the ECF system.

/s/ C. Russell Bengtson