UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CLAYTON WILSON | : | |
| | : | |
| vs. | : | |
| | : | |
| THE UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF THE NAVY, TRITON MARINE CONSTRUCTION CORP., alias, and THE HASKELL COMPANY, alias | : | C.A. No. 07-053S |
| | : | |
| vs. | : | |
| | : | |
| MACKENZIE PAINTING CO., INC. | : | |

<u>THIRD PARTY DEFENDANT'S MOTION PURSUANT TO RULE 6(b)</u>
<u>FOR LEAVE TO FILE ANSWER OUT OF TIME</u>

Third party defendant, MacKenzie Painting Co., Inc. hereby moves for an order of this Court allowing it to file its Answer out of time. The Answer was originally due on May 14, 2007 but was not filed until July 27, 2007. In support of this motion, the third party defendant respectfully refers the Court to the Affidavit of Claire Seifert and the Memorandum of Law filed contemporaneously herewith.

MACKENZIE PAINTING CO., INC.
By its Attorneys,
CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson
C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile
rbengtson@ckmlaw.com

CERTIFICATION

I hereby certify that on the 27th day of July, 2007, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Michael R. DeLuca, Esq., mrd@gsm-law.com , J. Scott Kilpatrick, Esq., jskilpatrick@cck-law.com, Valerie Nicole Kloecker, Esq., vkloecker@bktc.net will receive notice through the ECF system.

/s/C. Russell Bengtson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CLAYTON WILSON | : | |
| | : | |
| vs. | : | |
| | : | |
| THE UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF THE NAVY, TRITON MARINE CONSTRUCTION CORP., alias, and THE HASKELL COMPANY, alias | : | C.A. No. 07-053S |
| | : | |
| vs. | : | |
| | : | |
| MACKENZIE PAINTING CO., INC. | : | |

THIRD PARTY DEFENDANT'S MEMORANDUM IN SUPPORT OF
ITS MOTION PURSUANT TO RULE 6(b)
FOR LEAVE TO FILE ANSWER OUT OF TIME

Third party Defendant, MacKenzie Painting Co., Inc. ("MacKenzie") was the plaintiff's employer and a subcontractor to defendant and third party plaintiff, Haskell Company ("Haskell") relative to the contract that underlies this action. The Third Party Complaint asserts claims for indemnification, both contractual and common law, against MacKenzie.

When this action was commenced in February of 2007, MacKenzie was not a named party. However, Haskell forwarded copies of the Amended Complaint in the action to MacKenzie which MacKenzie's office manager, Claire Seiffert forwarded to MacKenzie's insurer, The Hartford. Seifert Affidavit, paragraph 2 (hereafter, "Aff. ¶__"). Thereafter, Ms. Seifert forwarded additional

information to the Hartford as it requested. Id. The court docket reflects that MacKenzie was served with the Third Party Complaint in this action on April 27, 2007. When Ms. Seifert received the Third Party Complaint, she mistakenly believed that it was simply another copy of the Amended Complaint that she had previously sent to the Hartford and she filed it without taking further action. Aff. ¶ 3. She also believed that The Hartford was in communication with Haskell and mistakenly assumed that any documents sent by Haskell to MacKenzie about the matter would also be sent to The Hartford. Aff. ¶3.

On July 24, 2007, Ms. Seifert received a Motion for Entry of Default Judgment sent to MacKenzie by Haskell.[1] Aff. ¶4. Upon reading it she became concerned and transmitted the Motion via facsimile to The Hartford on that same date. Aff. ¶4. The claims adjuster assigned to the case called Ms. Seiffert on July 25, 2007 to inquire about her prior receipt of a Third Party Complaint and explained that The Hartford had not received one. Aff. ¶4. At that point, Ms. Seifert reviewed her files and discovered the Third Party Complaint which had been served in April. Id. She transmitted it to The Hartford on July 26, 2007. Id. The matter was transferred to counsel after office hours on July 26, 2007 and the Answer to the Third Party Complaint, together with this Motion, Memorandum and Affidavit were filed on July 27, 2007.

The Supreme Court has noted that the "excusable neglect" standard of Rule 6(b) is a "somewhat elastic concept" and is not limited exclusively to omissions caused by circumstances outside the moving party's control, but must

---

[1] The Court's docket does not reflect that a Motion for Default Judgment has been filed by Haskell with the Court.

be assessed in view of all relevant circumstances surrounding the omission. Pioneer Inv. Servs. Co., v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 390-95, 113 S.Ct. 1489, 1496-98 (1993). As observed by the First Circuit, the excusable neglect inquiry involves "a significant equitable component and must give due regard to the totality of the relevant circumstances surrounding the movant's lapse." Bennett v. City of Holyoke, 362 F.3d 1, 4-5 (1st Cir., 2004). Among the factors that must be considered by the Court are the danger of prejudice to the non-moving party, the length of any delay and its potential impact on judicial proceedings, the reasons for the delay and whether the movant has acted in good faith. Pioneer, *supra*, at 395, 113 S.Ct. 1489. The First Circuit has noted that among the factors enumerated in Pioneer, the most important is the reason asserted for the mistake. Dimmitt v. Ockenfels, 407 F. 3d 21 (1st Cir., 2005).

Here, Ms. Seifert's affidavit clearly establishes that she misunderstood the import of the Third Party Complaint given the prior documents that had been sent to her and which she, in turn, had sent to her insurer – none of which directly involved MacKenzie in the suit. As MacKenzie's office manager, Ms. Seifert is a lay person who mistakenly believed that the Third Party Complaint was the same document as the Amended Complaint that she had forwarded to The Hartford in February and simply did not understand the significance of the Third Party Complaint. She also believed at the time of service, that the matter was under discussion between The Hartford and the third party plaintiff and that The Hartford would receive any documents that she did. Given the history of the action and Ms. Seifert's limited understanding of the legal documents, her

confusion and mistake were reasonable and excusable. Further, as soon as she realized a potential problem existed upon receiving the Motion for Default Judgment, she acted immediately to contact the insurer and determine the status of the matter. She had all of the paperwork in The Hartford's hands within two days and the Answer to the Third Party Complaint was filed with this Court within three days.

Further, the length of the delay here has been brief and Haskell will suffer no prejudice from the out-of-time filing of MacKenzie's Answer to the Third Party Complaint. The docket for this matter reflects that it is still in the early stages of proceedings directly involving Haskell. The focus of attention appears to have been directed to this point on Motions to Dismiss filed by the United States and the Department of the Navy which were granted in May. No pre-trial conference has been held and it would not appear that any significant discovery has been conducted. Further, while Haskell forwarded a Motion for Default Judgment to MacKenzie, the docket does not reflect that it has been filed or that a Motion for Entry of Default has been made or granted.

Finally, there can be no suggestion based on Ms. Seifert's actions that MacKenzie has acted in any manner other than good faith to address the urgency of this situation and to protect its interests. Ms. Seifert did not intentionally ignore an important legal document, she was simply reasonably confused given the prior activity in the action and her limited knowledge of the document that was handed to her. In other words, she made a mistake that she corrected as soon as she became aware of it and a mistake that has not harmed

Haskell in any way. On the contrary, the prejudice to MacKenzie will be severe if it is not permitted to appear in this action and adequately protect its interests. MacKenzie asserts that under these circumstances, it has met the good cause and excusable neglect standards of Fed.R.Civ.P. 6(b). The totality of the circumstances and the "significant equitable component" which this Court must factor into its determination of the existence of excusable neglect, argue in favor of granting MacKenzie the relief sought.

For all these reasons, third party defendant, MacKenzie Painting Co., Inc. respectfully requests that its Motion for Leave to Answer Out of Time be granted and that its Answer filed on July 27, 2007. be accepted as timely filed by the Court.

MACKENZIE PAINTING CO., INC.
By its Attorneys,
CARROLL, KELLY & MURPHY

/s/ C. Russell Bengtson
C. RUSSELL BENGTSON #1233
One Turks Head Place, Suite 400
Providence, RI 02903
(401) 331-7272 Telephone
(401) 331-4404 Facsimile
rbengtson@ckmlaw.com

CERTIFICATION

I hereby certify that on the 27th day of July, 2007, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Michael R. DeLuca, Esq., mrd@gsm-law.com , J. Scott Kilpatrick, Esq., jskilpatrick@cck-law.com, Valerie Nicole Kloecker, Esq., vkloecker@bktc.net will receive notice through the ECF system.

/s/C. Russell Bengtson