UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CLAYTON WILSON | : | |
| vs. | : | |
| THE UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF THE NAVY, TRITON MARINE CONSTRUCTION CORP., alias, and THE HASKELL COMPANY, alias | : | C.A. No. 07-053S |
| vs. | : | |
| MACKENZIE PAINTING CO., INC. | : | |

AFFIDAVIT IN SUPPORT OF
MOTION FOR LEAVE TO FILE ANSWER OUT OF TIME

Claire A. Seifert, being duly sworn, upon oath deposes and says as follows:

1. I am the office manager for MacKenzie Service Corp. which handles the office administration for MacKenzie Painting Co., Inc. ("MacKenzie") concerning this matter and I have held that position since February of 2006. I am personally familiar with the facts asserted herein.

2. When this action was first commenced by Mr. Wilson against the Haskell Company ("Haskell") in February of 2007, Haskell forwarded paperwork to us that we forwarded to our insurance carrier. At that time, MacKenzie was not a named party to or directly involved in the suit. At various times since then, I have forwarded information to our insurance carrier, The Hartford, which it has requested from us.

3. In April of 2007 when MacKenzie received the Third Party Complaint in this action, I misunderstood the document and thought it was another copy of the material we had previously received from Haskell. I did not send it to our insurer because I believed I had already done this back in February. I did not realize that the Third Party Complaint was something different from what we had already received or that it involved a claim now being made directly against MacKenzie. I also did not understand that it required action on MacKenzie's part. I, therefore, simply filed it with the

other documents we had received. Also, since I knew that Haskell was in communication with The Hartford, I assumed that anything sent to us by Haskell would also be sent to The Hartford as well.

4. On July 24, 2007, MacKenzie received a Motion for Entry of Default Judgment from an attorney. I transmitted the Motion to The Hartford on that date and was contacted by the claims adjuster assigned to the case who inquired about whether we had ever been served with a Third Party Complaint since The Hartford had not received one. At that point, I researched our files and discovered the Third Party Complaint that we had received in April. I transmitted the Third Party Complaint to The Hartford on July 26, 2007.

Claire A Seiffert

Subscribed and sworn to before me this 27th day of July, 2007.

Notary Public
Comm. Exp.: MARJORIE H. GERARDI
NOTARY PUBLIC
MY COMMISSION EXPIRES FEB. 28, 20[illegible]

CERTIFICATION

I hereby certify that on the 27th day of July, 2007, a true copy of the within document was filed electronically and is available for viewing and downloading from the ECF system and that Michael R. DeLuca, Esq., mrd@gsm-law.com , J. Scott Kilpatrick, Esq., jskilpatrick@cck-law.com, Valerie Nicole Kloecker, Esq., vkloecker@bktc.net will receive notice through the ECF system.

/s/C. Russell Bengtson