**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CLAYTON WILSON

v. C.A. No: 07-053 S

THE UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF THE NAVY, TRITON MARINE CONSTRUCTION CORP., alias, and THE HASKELL COMPANY, alias

**DEFENDANT, TRITON MARINE CONSTRUCTION CORP.'S RULE 16 STATEMENT**

The Defendant, Triton Marine Construction Corp. ("Triton"), submits its Rule 16 Statement. Although Triton has not, at this time, asserted any affirmative claims, cross claims, or counter claims, Triton has asserted affirmative defenses. Accordingly, Triton submits its Rule 16 Statement to briefly address its affirmative defenses in accordance with Local Rule 16(c).

## I. BACKGROUND

This is claim for personal injuries commenced by the Plaintiff, Clayton Wilson. The Plaintiff alleges that he sustained injuries when he slipped and fell on snow and ice while exiting a building at the Newport Naval Station in Newport, Rhode Island on February 18, 2004. At that time, Triton had contracted with the United States Navy to perform construction work at the Newport Naval Station. Triton, as the prime or general contractor, subcontracted the work to the the Co-Defendant, The Haskell Company ("Haskell"). Haskell, in turn, subcontracted a portion of the work to MacKenzie Service Corp. ("MacKenzie") to performing painting services. The Plaintiff was an employee of MacKenzie.

The Plaintiff brought claims against Triton of negligence and breach of contract. Generally, the Plaintiff alleges that Triton, as general contractor, owed a duty of care of safety to the Plaintiff, and also alleged that it had a non-delegable duty to inspect and maintain access ways in a safe manner. The Plaintiff also alleges that he was a third-party beneficiary of the safety

provisions of the contract between Triton and the Navy, and that Triton breached this aspect of the contract. Triton denies the Plaintiff's allegations.

Further, the subcontract agreement between Triton and Haskell provided that Haskell will defend, indemnify, and hold harmless Triton. Triton has tendered the defense of this action to Haskell, who has refused to accept the tender.

## II. AFFIRMATIVE DEFENSES

### A. Failure to state a claim upon which relief may be granted

As discovery progresses in this matter, specific facts may arise in support of this affirmative defense. At the outset, however, Triton has asserted this affirmative defense in good faith, as the Plaintiff has failed to properly articulate a duty owed by Triton. Specifically, Triton, as the general contractor, did not owe to the Plaintiff the duties he alleged in his Complaint. Further, Triton delegated the duties of safety, including those safety aspects set forth in Army Corps of Engineers Safety and Health Requirements Manual EM385-1-1, to Haskell. The Plaintiff has alleged that these duties are non-delegable, a contention Triton claims is not accurate and unsupported in the law.

### B. Contributory negligence of the Plaintiff and negligence of others

Triton contends that the Plaintiff's injuries, if any, were due to his own contributory negligence or the negligence of others for whom Triton is not responsible. When a plaintiff is himself negligence, "damages shall be diminished by the finder of fact in proportion to the amount of negligence attributable to the person injured[.]" R.I. Gen. Laws §9-20-4.

### C. Assumption of the risk

Triton contends that the Plaintiff assumed the risk of his injuries, and thus is completely barred from recovery. "[W]here a person voluntarily and knowingly accepts a dangerous situation, he essentially absolves a defendant for having created an unreasonable risk of harm. . . . [A]ssumption of the risk, if it applies, terminates the duty of care that the defendant owes to the plaintiff." Filosa v. Courtois Sand and Gravel Co., 590 A.2d 100, 103 (R.I. 1991). "In

determining whether a plaintiff assumed he risk of a defendant's negligent conduct, we must discern from the evidence whether that plaintiff voluntarily exposed himself to a known and appreciated danger. The standard is subjective and is keyed to what the particular plaintiff in fact sees, knows, understands and appreciates." Id.

**D. Lack of jurisdiction**

Triton asserted this affirmative defense in order to prevent its waiver. As discovery progresses, specific facts in support of this defense may arise. Triton asserted this defense in good faith, however, as it is not a resident of Rhode Island, and that it does not concede that the Plaintiff's damages, if any, exceed the jurisdictional amount required for diversity jurisdiction.

Defendant,
Triton Marine Construction Corp.
By its Attorneys:

/s/ Michael R. De Luca

Michael R. De Luca, # 3663
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644
(401) 331-9304 fax
mrd@gsm-law.com

**CERTIFICATION**

J. Scott Kilpatrick, Esq.
Chisholm, Chisholm & Kilpatrick
One Turks Head Place, Suite 1313
Providence, RI 02903

Valerie N. Kloecker
Bonner, Kiernan, Trebach & Crociata
55 Pine Street
Providence, RI 02903

The document has been filed electronically and it is available for viewing and downloading from the ECF system. I hereby certify that on the 29th day of August, 2007, a true and correct copy of the within was mailed first class, postage pre-paid to the above addresses.

/s/ Michael R. De Luca